S01Y0727. IN THE MATTER OF ROBERT A. WILKINSON.
(545 SE2d 308)

PER CURIAM.

This disciplinary matter is before the Court on State Disciplinary Board Docket Numbers 3990 and 4076 in both of which cases the State Bar filed Formal Complaints; Respondent Robert A. Wilkinson acknowledged service but failed to file answers within 30 days of acknowledging service; and, accordingly, the facts alleged and violations charged in the Formal Complaints are deemed admitted, Bar Rule 4-212 (a). After meeting with Wilkinson and counsel for the State Bar regarding the appropriate level of discipline for Wilkinson's admitted violations of Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 44 (lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or disregard a legal matter entrusted to him); and 65 (A) (lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in a fiduciary capacity) of Bar Rule 4-102 (d), the special master recommended that Wilkinson be disbarred. Wilkinson did not request review by the Review Panel and, therefore, he is deemed to have waived his right to file exceptions with or make oral argument to this Court, and is subject to the discipline of the Court. Bar Rule 4-217 (c).

According to the facts as admitted, in SDB Docket No. 3990, in June 1998, Wilkinson agreed to represent a client in an immigration matter for $750. The client initially paid $375, at which time Wilkinson told her he would promptly file her immigration application with the INS and that she could expect the INS to process it in approximately 90 to 120 days. The client also gave Wilkinson $295 for filing fees but, although Wilkinson accepted the funds in a fiduciary capacity, he deposited them in his law firm's operating account, not in his attorney escrow account, and commingled them with his own funds. In October 1998 and September 1999, Wilkinson assured the client's husband that he had filed the applications and that the case was proceeding as it should, but Wilkinson had not filed the applications. He also told the husband that he was going to the INS office to check on the status of the case and would call with an update, but Wilkinson did not check on the case and did not call the husband. The client finally went herself to the INS office and discovered that Wilkinson

had not filed her applications; when she confronted Wilkinson he told her he would call her, but he did not, and the client ultimately filed the applications herself in September 1999.

In SDB Docket No. 4076, Wilkinson agreed to represent a client in filing an application for a "green card." The client paid Wilkinson $450 of his $900 fee and advised Wilkinson that her temporary visa expired on May 3, 1999, three days before their initial meeting. Wilkinson knew and advised the client that the law allowed a 180-day grace period in which a person with an expired visa could file an application for a green card without penalty. On May 20, 1999, Wilkinson told the client he would promptly file the application and she could expect it to be processed within 90 to 120 days. The client paid him $455 for filing fees, which Wilkinson deposited into his escrow account but then transferred to his operating account, thus commingling the funds with his own. In August 1999, Wilkinson told the client that he filed the application in June, but he had not, and he repeatedly told the client that the process was moving along as it should but that the INS was behind due to a manpower shortage. In December 1999, the client asked Wilkinson to file an Application for Travel Document on her behalf, which he agreed to do and for which the client paid him a $95 filing fee that he again deposited into his operating account. On December 21, 1999, Wilkinson filed a travel permit application and application for a green card for the client, but the INS rejected the green card application because it was not filed within the 180-day grace period. As a result, the INS classified the client as "unlawfully present" and rejected her application for a travel permit because she had been unlawfully present in the U. S. for a period exceeding 180 days after the expiration of her visa.

In determining the appropriate sanction in this case, we find that Wilkinson acted with knowledge when he engaged in conduct that violated Standards 4, 44 and 65 (A), and that his clients sustained injury or potential injury. In aggravation of discipline we note Wilkinson's history of prior discipline;[1] a pattern of misconduct in cases where the clients are not U. S. citizens and thus are more vulnerable to being victims of attorney misconduct; multiple offenses; and substantial experience in the practice of law, having been a member of the State Bar since 1983. We agree with the special master that the aggravating circumstances justify disbarment in this case.

Accordingly, Robert A. Wilkinson hereby is disbarred from the practice of law in the State of Georgia. He is reminded of his duties

---

[1] On February 11, 2000, this Court issued an order imposing a Review Panel reprimand on Wilkinson for facts similar to those in the instant cases, see *In the Matter of Wilkinson*, S00Y0344.

under Bar Rule 4-219 (c).
*Disbarred. All the Justices concur.*

DECIDED MARCH 2, 2001.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.